# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD A. MILLER, SR.,

      Plaintiff,     :     Case No. 3:08-cv-355

                         District Judge Walter Herbert Rice
  -vs-                      Magistrate Judge Michael R. Merz
                         :

BERKSHIRE HEALTH CARE
  SYSTEMS, INC. et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion to Dismiss of Defendant Franklin Halley (Doc. No. 10). Plaintiff has filed a timely opposition (Doc. No. 13) and Defendant Halley has filed a response in support (Doc. No. 14).

The Motion to Dismiss was made under Fed. R. Civ. P. 12(b)(6) whose purpose is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d §1356 at 294 (1990).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a

> statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").
>
> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Bell Atlantic*, 127 S. Ct. at 1966; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)(emphasis in original).

Plaintiff brought this action *pro se* against Amber Oxley, Franklin Halley, Joyce Appell, Berkshire Healthcare System Inc, Tony Deaton, Cynthia Olsen, Leslie Ryan, Mike McCarty, Terri Cooper, Joycelyn Norman (Complaint, Doc. No. 1). All Defendants except Dr. Halley were voluntarily dismissed with prejudice before a pretrial conference was held (Doc. No. 6).

The Complaint alleges that because of severe medical conditions, Plaintiff has resided in

long-term health care facilities for some time. He was discharged from Kettering Hospital to Hospitality Home-East ("HHE"), run by Defendant Berkshire Healthcare System, Inc., on July 24, 2008. The Complaint details his many claims of violation of rights while at Hospitality Home-East; allegations against Dr. Halley begin on page 24. Allegedly on August 11, 2008, the medical director of HHE referred Plaintiff for a psychiatric evaluation. On August 14, 2008, Ms. Bobbie Fusichan of TCN Behavior Healthcare came to HHE to conduct the evaluation, but Plaintiff refused to participate, a refusal Ms. Fusichan documented. On August 17, 2008, Dr. Olsen had Plaintiff sent to a hospital for mental evaluation, but he was immediately discharged back to HHE because the hospital allegedly found "no mental health issues," (Complaint at 25). Dr. Halley, a psychiatrist, then came to HHE on August 27, 2008. *Id*. He reviewed Plaintiff's medical record and came to speak with Plaintiff, but Plaintiff immediately informed Dr. Halley that he was refusing to participate in any evaluations of his mental health. *Id*. Despite that refusal, "Defendant Halley recorded in the Plaintiff's medical record his history and other matters. Defendant Halley made his recommendations that are prejudice [sic] to the Plaintiff especially when the Plaintiff has not participated in any evaluations or assessment." The recommendation of which Plaintiff complains reads "Continue therapy, consider anti-depressant medication for something (unable to read it), See if he would accept Celexa (?) or other, if he becomes abusive consider law enforcement intervention, consider transfer to a behavioral health facility, continue me (Dr. Halley) prn or Bobbie Fusichan." *Id*.

The Complaint does not advert to any federal or state statute or common law theory which would create a cause of action based on these facts. In his Opposition to the Motion to Dismiss, Plaintiff asserts Dr. Halley violated his right to privacy and confidentiality by conducting a Psychological Observation without consent and that he conspired with Dr. Olsen to provide her with psychological notes consistent with her preliminary assessment that Plaintiff has a personality disorder. (Opposition, Doc. No. 13 at 1.)He asserts Dr. Halley violated his "Federal & State Rights

as a Long Term Care Resident of his right to voice grievances without any interference, discrimination, or coercion." *Id*. at 5. He alleges Dr. Halley violated his right to refuse release of his personal and clinical records to individuals outside the facility as protected by 42 C.F.R. § 483.10(F)(ii)(L)(e)(2) & (3). *Id*. Plaintiff claims he has a private right of action provided by Ohio Revised Code § 3721.17 and 42 U.S.C. § 1396r(A). *Id*. at 6.

The only potential federal causes of action mentioned in the Opposition are under 42 C.F.R. § 483.10(F)(ii)(L)(e)(2) & (3) and 42 U.S.C. § 1396r[1]. This Court has held that § 1396r does not create a private cause of action . *Nichols v. St. Luke Center*, 800 F. Supp. 1564 (S.D. Ohio 1992). As a general matter, federal regulations do not create private causes of action. *Alexander v. Sandoval*, 432 U.S. 275 (2001). Plaintiff cites no authority for the proposition that 42 C.F.R. § 483.10(F)(ii)(L)(e)(2) & (3) is an exception to the general rule. The Court therefore concludes Plaintiff has not pled a claim for relief under federal law and his purported federal claims should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

This Court of course has subject matter jurisdiction under 28 U.S.C. § 1367 over state law claims which are part of the same case or controversy with federal claims. However, the Sixth Circuit has counseled that generally, if federal claims are dismissed before trial, the state claims should be dismissed as well. *Landefeld v. Marion General Hospital, Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). That counsel is well placed here where there are difficult questions of state law as to whether Plaintiff has pled a claim for medical malpractice against Dr. Halley or for conspiracy between Dr. Halley and Dr. Olsen. It is accordingly

---

[1]While these bases for a cause of action are not mentioned in the Complaint, it could be amended to add them, so the Court will treat the Complain t as making these claims.

respectfully recommended that Plaintiff's state law claims be dismissed without prejudice as a matter of discretion under § 1367.

January 16, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).